UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael David Wallace, #134895, | ) C/A No. 3:12-729-GRA-JRM ) ) |
| Plaintiff, | ) ) |
| vs. | ) Report and Recommendation ) |
| Shirley Singleton, Assoc. Warden; Denise Cannarella, Legal Asst., | ) ) ) ) |
| Defendants. | ) ) ) |

Plaintiff Michael David Wallace, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. He is a prisoner with the South Carolina Department of Corrections ("SCDC") housed at the Ridgeland Correctional Institution. He files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Judge.

Plaintiff challenges a December 6, 2010, prison disciplinary conviction for possession of a weapon. He appealed the decision through SCDC's inmate grievance procedure, and has now appealed those determinations to the South Carolina Administrative Law Court ("SCALC"). Plaintiff alleges that Defendant Singleton was the disciplinary hearing officer ("DHO") who presided over his hearing, however, he lists her as the Associate Warden on page two of his complaint because she was promoted.

Plaintiff claims that the transcript which was sent to the SCALC by SCDC's Deputy General

Counsel, was not "true, accurate or complete as certified by Defendants Singleton and Cannarella." Plaintiff claims he filed a grievance (attached to his Complaint as an exhibit), but he received the grievance back - unprocessed - because the issue he raised was pending before the SCALC. In the meantime, according to the Plaintiff, SCDC admitted that the transcript was incorrect and submitted a new transcript to the SCALC. Plaintiff also claims that SCDC admitted that Defendant Cannarella would not be permitted to transcribe any further prison disciplinary proceedings.

Plaintiff claims he tried to have Defendant Cannarella criminally prosecuted for her "perjury and conspiracy against civil rights." He seeks the same relief pertaining to Defendant Singleton because she also certified that the original transcript was true. Plaintiff claims that "[p]rison officials and Jasper and Richland County Sheriffs will not prosecute them...." Therefore, Plaintiff seeks compensation because he claims Defendants "became aware of what I had to say in my step 2 grievance appeal, [and] they conspired together to 'doctor' the transcript in a way that would prevent me from winning my case in the Admin. Law Court." Complaint at 4.

Plaintiff also alleges the Defendants violated his Fourteenth Amendment right to due process, and violated federal law pursuant to 42 U.S.C. § 241 and 42 U.S.C. § 242. He seeks declaratory relief, injunctive relief, and money damages.

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

*v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

**Discussion**

As noted above, Plaintiff requests that criminal action be taken against the named Defendants. Plaintiff cannot seek to prosecute Defendants on behalf of himself or others. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)(a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(*applying Linda R.S. v. Richard D.* and collecting cases); *Neitzke v. Williams*, 490 U.S. 319 (1989)(although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint may be dismissed); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D.Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). Secondly, since Plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, Plaintiff lacks standing to raise such a claim. *Linda R.S. v. Richard D.*, 410 U.S. at 619.

As for Plaintiff's claims that Defendants have violated 42 U.S.C. §§ 241 and 242, Title 42 of the United States Code deals with the public health and welfare. Section 241 of that Title refers to the authority of the Secretary of Health and Human Services to coordinate research and other "studies relating to the causes, diagnosis, treatment, control, and prevention of physical and mental diseases and impairments of man, including water purification, sewage treatment, and pollution of lakes and streams." 42 U.S.C. § 241. The reporting requirements concerning the results of the studies authorized in Section 241 may be found in 42 U.S.C. § 242. Since these statutes do not relate to the issues presented by the Plaintiff, it appears this is a scrivener's error, and that Plaintiff did not

4

properly cite to the intended authorities.

The undersigned presumes the Plaintiff meant to cite to 18 U.S.C. §§ 241 and 242. Title 18 of the United States Code deals with crimes and criminal procedure. Section 241 of that Title, "Conspiracy against rights," calls for a fine, or imprisonment, or both, for violations of this Code Section. Likewise, Section 242 of that Title, "Deprivation of rights under color of law," also calls for a fine, or imprisonment, or both, for violations of its provisions.

As noted above, however, Plaintiff cannot seek to have prosecutors or law enforcement officials institute criminal action against the named Defendants because a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person. *See Linda R.S.,* 410 U.S. at 619.

Finally, Plaintiff raises a due process claim concerning the procedures used at his SCALC hearing. By Plaintiff's own admission, however, the transcript errors he complains of were corrected during the administrative hearing. *See* Complaint at 3. Thus, his allegation about any error in the transcript is moot. Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246–47 (1971). A case is moot if a litigant's interest in the outcome of the action ceases before judgment. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980); *see also Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974) ("Mootness can kill a lawsuit at any stage."). Additionally, the Due Process Clause of the Fourteenth Amendment "provides merely 'a guarantee of fair procedures-typically notice and an opportunity to be heard.' " *Wolf v. Fauquier County Bd. of Superv's*, 555 F.3d 311, 323 (4th Cir.2009) (quoting *Mora v. City of Gaithersburg*, 519 F.3d 216, 230 (4th Cir.2008)). The notice and opportunity to be heard must be given "at a meaningful time and in a meaningful manner." *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004).

Plaintiff has been afforded this through the SCALC hearing.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

                                        Joseph R. McCrorey
                                        United States Magistrate Judge

May 2, 2012
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).